IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| CADEE AKINS, | )   2:05-cr-350 |
| WANDA SOLOMON, and | ) |
| KHALIAH SOLOMON, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM ORDER

Before the Court for disposition are DEFENDANT WANDA SOLOMON'S PRETRIAL MOTIONS (*Document No. 79*) and the GOVERNMENT'S OMNIBUS RESPONSE TO DEFENDANT'S PRETRIAL MOTIONS (*Document No. 85*).  After considering the filings of the parties, the record and the relevant statutory and case law, the Court makes the following rulings.

### The Motion for Bill of Particulars

Defendant Wanda Solomon ("Defendant"), Khaliah Solomon and Cadee Akins are charged in a one-count Indictment with conspiracy to distribute cocaine, contrary to the provisions of Title 21, United States Code, sections 841(a)(1) and 841(b)(1)(C), and fifty (50) grams or more of crack, contrary to the provisions of Title 21, United States Code, sections 841(a)(1) and 841(b)(1)(A)(iii), in violation of Title 21, United States Code, section 846.

Federal Rule of Criminal Procedure 7(f) provides as follows:

> The Court may direct the government to file a bill of particulars.  The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits.  The government may amend a bill of particulars subject to such conditions as justice requires.

Fed.R.Crim.P. 7(f).

A district court has broad discretion in granting or denying a criminal defendant's motion for a bill of particulars.  *United States v. Rosa,* 891 F.2d 1063, 1066 (3d Cir. 1989); Fed. R.

Crim.P. 7(f) ("a court *may* direct the filing of a bill of particulars") (emphasis added). Among the purposes of a bill of particulars is to inform the defendant of the nature of the charges brought against him or her so that the defendant is able to adequately prepare a defense. *United States v. Addonizio*, 451 F.2d 49, 63 (3d Cir.), *cert. denied*, 40 U.S. 936 (1972). Our appellate court has instructed that a district court should grant a motion seeking a bill of particulars when an indictment's failure to provide factual or legal information "significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial." *Rosa*, 891 F.2d at 1066. However, a defendant is not entitled to general discovery of the government's case, evidence or witnesses. *United States v. Armocida*, 515 F.2d 49, 54 (3d Cir.), *cert. denied*, 423 U.S. 858 (1975).

A bill of particulars should reveal "only the minimum amount of information necessary to permit the defendant to conduct his own investigation." *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985). In ruling on a request for a bill of particulars, the court should consider all information that has been disclosed to the defendant in the course of the prosecution, whether or not included in the indictment. *United States v. Kenny*, 462 F.2d 1205, 1212 (3d Cir.), *cert. denied,* 490 U.S. 914 (1972).

According to the Motion, "[d]iscovery material provided to date indicates only one instance where Defendant Wanda Solomon could be legitimately thought to be involved in a conspiracy as described in the indictment." Motion at unnumbered 1. Without elaboration, Defendant contends that a bill of particulars "is necessary to advise the [her] of the specific charges against her, to enable her to prepare an adequate defense, to avoid surprise at trial, and to protect her against unknown charges." *Id*. at unnumbered 2. Defendant requests that the following information be disclosed:

a) The dates, times, and places of any alleged conspiracies she is alleged to have committed;

b) The identities of any of her known co-conspirators;

      c)      The types and amounts of each controlled substance alleged to have been possessed or distributed with regard to each conspiracy; and

      d)      The identities of any purchasers or of any prospective purchasers of the controlled substances in connection with each conspiracy.

*Id*.

The Court finds that a bill of particulars is not warranted. As for request (a), Defendant is only charged with having participated in *one conspiracy,* which allegedly existed from in and around August 2004 to in and around August 2005. As for request (b), the Indictment identifies (and charges) two of Defendant's alleged co-conspirators. As for request (c), the Indictment provides specific information concerning the type and overall quantity of controlled substances, as well as references to the appropriate statutory provisions. As for request (d), the government represents that the case "involves controlled buys of narcotics made from the Defendants," and that "[a]ll Defendants have been provided with copies of the recordings from telephone conversations and the controlled buys which are part of this conspiracy." Response at 1-2. The Court finds that this information is more than "the minimum amount of information necessary to permit the defendant to conduct [her] own investigation." *Smith*, 776 F.2d at 1111. Moreover, there is no evidence or meritorious argument that the lack of additional information in the Indictment will "significantly impair[] the defendant's ability to prepare [her] defense or is likely to lead to prejudicial surprise at trial." *Rosa*, 891 F.2d at 1066. Therefore, the Motion for Bill of Particulars is **DENIED**.

## The Motion for Discovery

Defendant's Motion for Discovery requests a variety of information. The Court will address the requests *seriatim*.

    a)    <u>Any transcript or recording of any conversation between any of the alleged conspirators and any other person at any time between August 2004 and August 2005.</u>

The government objects to this request on the basis that it is overly broad. Response at 11. The government also notes that although conversations responsive to this request may be *Jencks* material, they are not discoverable at this time, and that to date no transcripts have been made. *Id*. Finally, the government represents that "[i]f transcripts of recordings to be used at trial are prepared, copies will be provided to Defendant's counsel." *Id*.

The Court finds that this request is overly broad. The Court also views the government's response as sufficient given the absence of transcripts and the government's representation that "[a]ll Defendants have been provided with copies of the recordings from telephone conversations and the controlled buys which are part of this conspiracy." Response at 1-2. Therefore, this request is **DENIED**.

    b)    <u>A complete transcript of any recording of any conversation which took place between Wanda Solomon and the confidential informant on March 11 and 12, 2005.</u>

The government states only that "[n]o transcript is yet available." Response at 11. There is no argument or evidence to the contrary. Therefore, this request is **DENIED WITHOUT PREJUDICE**.

    c)    <u>Any documents and materials relating to the indictment which the Government intends to offer in its case in chief or that would be material to the preparation of the defense or that was obtained from the Defendant.</u>

The government states that "[s]uch materials were already provided as Rule 16 material," and "[t]o the extent the government becomes aware of additional material, it will be provided." Response at 11-12. There is no need to order the government to do what it has already done, and the government has affirmatively represented that it will provide any additional information responsive to this request. Therefore, this request is **DENIED WITHOUT PREJUDICE**.

      d)    <u>Any and all written or recorded statements made by the Defendant, including the complete transcript of any wire recording.</u>

The government represents that "[a]ll recorded statements have been provided relative to this case," and that "additional recordings ... at 05-385 [a related prosecution] have already been provided to Defendant's counsel." Response at 12. The Court sees no need to order the government to provide Defendant with statements which have already been provided. Therefore, the request for disclosure of said information is **DENIED**.

      e)    <u>All documents, transcripts, reports, statements, or other evidence favorable to the Defendant.</u>

The government represents that it is not aware of any favorable evidence, but "to the extent that it becomes aware of the same, such evidence will be produced." Response at 12. A district court has general discretionary authority to order the pretrial disclosure of material covered by the rule of *Brady v. Maryland*, 373 U.S. 83 (1963) "to ensure the effective administration of the criminal justice system." *United States v. Higgs*, 713 F.2d 39, 44 n.6 (3d Cir. 1983); *see also United States v. Starusko,* 729 F.2d 256, 261 (3d Cir. 1984) (noting the Third Circuit's "longstanding policy" of encouraging early disclosure of *Brady* material). There has been no suggestion that the government has withheld *Brady* material, and the Court can perceive no need to compel disclosure of *Brady* material. Accordingly, Defendant's request for compelled disclosure of *Brady* material is **DENIED WITHOUT PREJUDICE** in view of the government having no such *Brady* material.

      f)    <u>The identity and location of any cooperating witness, any statement given by each such witness, any evidence that any such witness may be biased against Defendant or falsify his or her testimony, any evidence that the witness engaged in any criminal act, and the terms of any inducement, promise of immunity, or other favorable treatment, provided to the witness for his or her cooperation.</u>

The government objects to the compelled identification of cooperating witnesses, *i.e.*, informants. Response at 12. In *Roviaro v. United States*, 353 U.S. 53 (1957), the Supreme Court

5

recognized the government's privilege to conceal the identity of its informants. The Court held that the privilege is not absolute, and "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Roviaro*, 353 U.S. at 60-61. The Court elaborated on how the issue should be analyzed by stating that:

> [N]o fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

*Id.* at 62.

The United States Court of Appeals for the Third Circuit has observed that *Roviaro* "left substantial leeway to the trial courts to determine on a case-by-case basis whether disclosure is warranted." *United States v. Brown*, 3 F.3d 673, 679 (3d Cir.), *cert. denied*, 510 U.S. 1017 (1993). Once the defendant has articulated a specific need for disclosure of the informant's identity, the court must weigh "the [defendant's] interest in disclosure against the government's interest in maintaining the confidentiality of its informant." *United States v. Jiles*, 658 F.2d 194, 198 (3d Cir. 1981), *cert. denied*, 455 U.S. 923 (1982).

In the instant case, Defendant has failed to articulate a specific need for disclosure of the identity of the government's cooperating witnesses. Therefore, the request to compel disclosure of the government's cooperating witnesses is **DENIED**. The Court also finds that disclosure of the other requested information relative to cooperating witnesses would likely disclose their identities. Therefore, the requests for other information are likewise **DENIED**.

   g) <u>The names and addresses of each witness the government intends to call at trial.</u>

The government objects to this request "in light of the fact that the evening before the last drug trial of Wanda Solomon's son, Jelani, he paid to have an informant's father murdered, a case currently before this Court at Criminal No. 05-385." Response at 16. The basis for the

6

government's objection is well-taken, and this request is **DENIED**.

> h) <u>The written summary of any expert testimony the Government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case in chief.</u>

The government represents that it "is unaware of any expert testimony but to the extent it learns of the same, it will be provided." Response at 16. As it appears that no information responsive to this request presently exists, this request is **DENIED WITHOUT PREJUDICE**.

> i) <u>The results of any scientific test done on any item of evidence within the Government's possession, custody or control.</u>

The government represents that "[a]ll laboratory tests have been provided to Defendant's counsel," which the Court views as a sufficient response to this request. Response at 16. Therefore, this request is **DENIED**.

Defendant also requests "the pre-trial discovery of any grand jury transcript to which she may eventually be entitled pursuant to Federal Rule of Criminal Procedure 26.2." Motion for Discovery at ¶ 2. The government states correctly that such discovery is governed by the *Jencks* Act, which provides for disclosure after a witness testifies. Response at 16 (*citing* 18 U.S.C. § 3500(a)). Therefore, because such transcripts are not discoverable at this juncture, this request is **DENIED WITHOUT PREJUDICE**.

## The Government's Reciprocal Discovery Request

The government requests that Defendant be ordered to disclose "all evidence and information subject to disclosure pursuant to Rule 16(b)(1) of the Federal Rules of Criminal Procedure," as well as "any expert reports the defendant intends to use at trial pursuant to Fed.R.Crim.P. 16 and Fed.R.Evid. 702, 703 and 704." Response at 18. This request is **GRANTED**, and it is hereby **ORDERED** that Defendant shall disclose such evidence and

information in a timely manner.

### The Motion to Dismiss Indictment

Defendant contends that she lacked "the predisposition to engage in the criminal conduct described in the Indictment," that said crime "was induced by the Government," and that even if she did have the predisposition to commit the crime, "she did not have the predisposition to distribute the specific amounts described in the Indictment." Motion at unnumbered 4. The Court observes that Defendant offers no facts, legal authority or meaningful argument in support of her motion.

Entrapment is an affirmative defense to a criminal charge. *Mathews v. U.S.*, 485 U.S. 58, 62 (1988). "[A] valid entrapment defense has two related elements: government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in the criminal conduct." *Id*. (citation omitted). "The question of entrapment is generally one for the jury, rather than for the court." *Id*. (citation omitted). The defendant bears the burden of coming forward with evidence to demonstrate both elements. *United States v. Berkery*, 889 F.2d 1281, 1283 (3d Cir. 1989). Once a defendant establishes those elements, the government must prove beyond a reasonable doubt that the defendant was not induced *or* was predisposed to commit the crime. *United States v. El-Gawli*, 837 F.2d 142, 147 (3d Cir.), *cert. denied*, 488 U.S. 817 (1988).

It appears that Defendant has raised the defense of entrapment prematurely. Therefore, the Motion to Dismiss Indictment is **DENIED**. However, Defendant may attempt to demonstrate the propriety of an instruction on entrapment at trial.

So **ORDERED** this 8th day of June, 2006.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

cc:	Tina O. Miller, AUSA
Email: tina.o.miller@usdoj.gov

Arthur L. Bloom, Esquire
Email: abloomlaw@verizon.net

Michael V. Worgul, Esquire
Email: Abloomlaw@verizon.net

Lee M. Rothman, Esquire
Email: DifenderferRothmanHaber@yahoo.com

P. William Bercik, Esquire
Email: pwilliambercik@verizon.net

Patrick J. Thomassey, Esquire
Email: pthomassey@hotmail.com