IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 2:05-cr-0385 |
| | ) | 2:14-cv-0905 |
| JELANI SOLOMON, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 2:05-cr-0350 |
| | ) | 2:05-cr-0385 |
| WANDA SOLOMON, | ) | 2:14-cv-0900 |
| | ) | 2:14-cv-0901 |
| Defendant. | ) | |

**MEMORANDUM ORDER**

Pending before the Court are substantially similar § 2255 motions filed by Jelani Solomon and his mother, Wanda Solomon, both of which are captioned MEMORANDUM OF LAW FOR 28 U.S.C. § 2255(f)(3) AND/OR RULE 60(d) MOTION (ECF Nos. 913, 914). No response is necessary from the government. For the following reasons, both of the motions will be dismissed for lack of jurisdiction as a second or successive motion under 28 U.S.C.A. § 2255(h), and no Certificate of Appealability ("COA") will be issued.

I.      Background

In a Superseding Indictment at Criminal Case No. 05-385, Jelani Solomon ("Jelani"), Wanda Solomon ("Wanda") and Claron Hanner were charged at Count 1 with conspiracy to

1

distribute more than five kilograms of cocaine. At Counts 2-4 and 6-8 of the Superseding Indictment, Jelani was charged with additional drug and firearms offenses, notably including at Count 6 the use of a firearm in furtherance of a drug trafficking crime and causing the death of a person through the use of said firearm, for which the government sought the death penalty. Jelani was eventually convicted after a jury trial at Counts 1, 2, 3, 4, 6 and 7 and thereafter sentenced to a term of life imprisonment without the possibility of parole. On July 23, 2010 the United States Court of Appeals for the Third Circuit affirmed Jelani's conviction and sentence in a non-precedential opinion. *United States v. Solomon*, 387 Fed. Appx. 258 (3d Cir. 2010).

In addition to the cocaine conspiracy charged at Criminal No. 05-385, Wanda was charged at Criminal Case No. 05-350 with a separate cocaine and crack cocaine conspiracy which involved her daughter, Khaliah Solomon, and Cadee Akins. On August 2, 2006, Wanda pled guilty to the drug conspiracies charged in both cases. She was sentenced to 240 months of imprisonment at each case, to run concurrently. On June 1, 2009, the United States Court of Appeals for the Third Circuit affirmed Wanda's convictions and sentences.

Both Jelani and Wanda have previously filed § 2255 motions to collaterally attack their respective convictions and sentences. On March 24, 2011, Wanda filed a § 2255 motion. Criminal No. 05-385 (ECF No. 829) and Criminal No. 05-350 (ECF No. 225). On March 6, 2012, Jelani filed a § 2255 motion. Criminal No. 05-385 (ECF No. 839). On June 11, 2012 Wanda filed a second § 2255 motion. Criminal No. 05-385 (ECF No. 868) and Criminal No. 05-350 (ECF No. 242). All of these motions were denied by the Court in written decisions. Criminal No. 05-385 (ECF Nos. 833, 882, 896). The Court also denied certificates of appealability. Of particular relevance, in denying Wanda's second motion, the Court explained that she had failed to obtain permission from the Court of Appeals to file such a successive

petition, pursuant to 28 U.S.C. § 2255(h), such that this Court lacked jurisdiction.

On July 8, 2014, Jelani filed the instant § 2255 motion (his second). On July 9, 2014, Wanda filed the instant § 2255 motion (her third). Their arguments are substantially similar.[1] Specifically, they argue that their renewed § 2255 petitions are timely because they were filed within one year of the Supreme Court's decisions in *Alleyne v. United States*, 133 S. Ct. 2151 (2013); *Peugh v. United States*, 133 S. Ct. 2072 (2013); *Rosemond v. United States*, 134 S. Ct. 1240 (2014); and *Burrage v. United States*, 134 S. Ct. 881 (2014), which they contend have recognized a new constitutional right that has been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2555(f)(3).

**II.     Discussion**

As noted above, both Jelani and Wanda Solomon have filed a prior motion for relief under § 2255, in which they challenged the same convictions at issue in the present motion. When Congress adopted the Anti-terrorism and Effective Death Penalty Act of 1996, it placed strict limits on a district court's power to entertain a second or successive § 2255 motion. Specifically, a district court lacks jurisdiction over such a second or successive motion unless a three-judge panel of the appropriate court of appeals has certified, in accordance with 28 U.S.C. § 2244, that the motion raises either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

---

[1] The first five pages of Jelani's and Wanda's motions are essentially identical. Wanda's motion also contains a factual and procedural background and legal discussion.

3

28 U.S.C. § 2255(h). Neither Jelani nor Wanda Solomon has filed an authorizing certification from the Third Circuit Court of Appeals regarding their respective § 2255 motions. Thus, this Court lacks jurisdiction to consider them, and the Court's "only option is to dismiss the petition[s] or transfer [them] to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F .3d 128, 139 (3d Cir. 2002).

Section 1631 provides that a district court lacking jurisdiction over a case "shall, if it is in the interests of justice, transfer such action . . . to any other court in which the action . . . could have been brought at the time it was filed." To decide whether it would be "in the interests of justice" to transfer a motion under § 2255, a district court is empowered to undertake a "limited review of the merits" of the motion. *Phillips v. Seiter*, 173 F.3d 609, 611 (7th Cir. 1999). If that review reveals that "the case is a sure loser" in the court of appeals, then the district court "should dismiss the case rather than waste the time of another court" by transferring it. *Id.* Accordingly, before transferring the instant motions, this Court is obliged to consider whether it falls "within the gatekeeping requirement of § 2255 permitting 'second or successive' petitions based upon newly discovered evidence or a new rule of constitutional law." *Hatches v. Schultz*, 381 F. App'x 134, 137 (3d Cir. 2010) (non-precedential).

Upon such consideration, the Court concludes that the cases cited by Petitioners do not recognize a new constitutional right that has been "made retroactively applicable to cases on collateral review." *See United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014); *Spirk v. Krueger*, 2013 WL 5876163 (M.D. Pa. 2013). Therefore, the motions will be dismissed for lack of jurisdiction rather than transferred to the Court of Appeals for the Third Circuit.

When a district court denies a habeas petition on procedural grounds, a Certificate of Appealability should issue only when the petitioner shows "that jurists of reason would find it

debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that no such showing has been made in this case: The motions are clearly "second or successive" motions, over which this Court lacks jurisdiction unless the appropriate certification has been received from the Third Circuit Court of Appeals. Thus, a COA will not be issued.

### III. Conclusion

Accordingly, the instant § 2255 motions, captioned MEMORANDUM OF LAW FOR 28 U.S.C. § 2255(f)(3) AND/OR RULE 60(d) MOTION (ECF Nos. 913, 914) are hereby **DISMISSED** for lack of jurisdiction, and a Certificate of Appealability is **DENIED**. Civil Actions Nos. 14-900, 14-901 and 14-905 shall be docketed as closed.

**SO ORDERED**, this 10th day of July, 2014.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc:

JELANI SOLOMON
#08820-068
U.S.P. Lewisburg
P.O. Box 1000
Lewisburg, PA 17837

WANDA SOLOMON
#08712-068
USP Hazleton
P.O. Box 2000
Bruceton Mills, WV 26525