**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | 2: 05-cr-00350 |
| | ) | 2: 05-cr-00385 |
| v. | ) | |
| | ) | |
| **WANDA SOLOMON** | ) | |

## MEMORANDUM OPINION

February 19, 2016

Now pending before the Court is a MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) (Crim. No. 05-350, ECF No. 268; Crim. No. 05-385, ECF No. 923) filed by counsel on behalf of Defendant Wanda Solomon. The government filed a response in opposition to the motion and it is ripe for disposition.

Defendant contends that her sentence should be reduced as a result of the retroactive amendments to the Sentencing Guidelines which reduced the offense levels in the drug quantity tables. On August 2, 2006, she pled guilty to Count 1 of the Indictment filed at Criminal No. 05-350, which charged her with Conspiracy to Distribute and Possess With Intent to Distribute Cocaine and 50 Grams or More of Crack Cocaine, in violation of Title 21, United States Code, section 846, and Count 1 of the Superseding Indictment filed at Criminal No. 05-385, which charged her with Conspiracy to Distribute and Possess With Intent to Distribute 5 Kilograms or More of a Mixture and Substance Containing a Detectable Amount of Cocaine, in violation of Title 21, United States Code, section 846. It is undisputed that Ms. Solomon is technically eligible for consideration of a reduction.

However, even if a Defendant is eligible, a district court has discretion to deny a sentencing reduction. In *Dillon v. United States*, 560 U.S. 817, 827 (2010), the United States

Supreme Court described a two-step inquiry: (1) determination of eligibility for a reduction; and (2) consideration of the § 3553 factors and the exercise of discretion as to whether an actual reduction in sentence is warranted under the particular circumstances of the case.

The Court recognizes that under Amendment 782, Defendant's newly-applicable advisory guideline range will be 168-210 months of imprisonment. The Court also recognizes that it is authorized to consider Ms. Solomon's post-sentencing conduct and it has done so. The Court is aware that Ms. Solomon has earned her G.E.D. degree, has graduated from a 500-hour Life By Design program which prepares inmates for transition back into society, and has participated in a variety of work, recreation, education and religious activities while incarcerated. The Court urges Ms. Solomon to continue her impressive efforts at rehabilitation.

Unfortunately for Ms. Solomon, her original sentence was not ultimately based on the Sentencing Guidelines, which the Court recognized at the time were advisory only. Instead, her sentence was based on this Court's thorough evaluation of the § 3553 sentencing factors. *See* Transcript of Sentencing Hearing (Crim. No. 05-350, ECF # 165). The original advisory guideline range was 210-262 months. The Court sentenced Defendant to a term of imprisonment of 240 months at each case, to run concurrently. Among the factors considered by the Court in reaching an appropriate sentence were: (1) Defendant received a benefit because the presentence investigation report combined the two drug conspiracies (in the two cases), such that she avoided the potentiality of consecutive mandatory minimum sentences at each case (*see* Transcript at 41); (2) she was the impetus for the drug conspiracy at Crim. No. 05-385, in that she introduced her son Jelani to the supplier and set up the initial deals (*see* Transcript at 42); (3) she took over the cocaine shipments after Jelani went to jail (*see* Transcript at 42-43); (4) she used her own minor children to facilitate the drug conspiracy, including to pick up payments and to deliver cocaine

(*see* Transcript at 52); (5) she had a long history of drug dealing, including in the mid-1990s and from at least late 1999 through November 2005 in the crimes of conviction (*see* Transcript at 51-52); and (6) she held a leadership role and continued to operate the conspiracy after the murder of an innocent man (the father of a prospective witness against Jelani).  As the Court stated: "Your prior criminal involvement and history is of no small moment in my consideration of sentencing."  (*see* Transcript at 52).  The Court adheres to its original sentencing decision and declines to exercise its discretion to reduce Defendant's sentence.

In accordance with the foregoing, the MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) (Crim. No. 05-350, ECF No. 268; Crim. No. 05-385, ECF No. 923) will be **DENIED**.

An appropriate Order follows.

BY THE COURT;

s/ Terrence F. McVerry
United States District Judge

cc:
    Cindy Chung, AUSA
    Michael Novara, AFPD

    Wanda Solomon
    (By First Class Mail)