# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>WANDA SOLOMON, )<br>)<br>Defendant. ) | Criminal Nos. 05-350 & 05-385<br>Senior Judge Nora Barry Fischer |

## MEMORANDUM ORDER

### I.    INTRODUCTION

Presently before the Court is Defendant Wanda Solomon's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and Request for Emergency Consideration (Docket No. 299 at Crim. No. 05-350; Docket No. 1018 at Crim. No. 05-385), the Government's Response in Opposition thereto (Docket No. 305 at Crim. No. 05-350; Docket No. 1024 at Crim. No. 05-385), and Defendant's Reply (Docket No. 308 at Crim. No. 05-350; Docket No. 1027 at Crim. No. 05-385).[1] After careful consideration of the parties' respective positions set forth in the briefing and for reasons that follow, Defendant's Motion is denied without prejudice.

### II.    BACKGROUND

On August 2, 2006, Defendant appeared before Judge Terrence F. McVerry[2] and pled guilty to Count One of the Indictment at Criminal No. 05-350, which charged her with conspiracy to distribute and possess with intent to distribute cocaine and 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 846 (hereinafter, "the crack cocaine count"), and Count One of the

---

[1] The relevant documents cited herein are filed at both docket numbers; however, in order to streamline citations to the record, the Court will cite to the documents filed at Criminal No. 05-385.

[2] Defendant's cases originally were assigned to Judge McVerry. Following Judge McVerry's retirement, the cases were re-assigned to this member of the Court when Defendant filed a prior motion for a sentence reduction.

1

Superseding Indictment at Criminal No. 05-385, which charged her with conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (hereinafter, the "powder cocaine count"). (Docket No. 89).

On March 20, 2007, Judge McVerry sentenced Defendant to 240 months' imprisonment on both the crack cocaine and powder cocaine counts to be served concurrently, followed by concurrent terms of five (5) years' supervised release at each count. (Docket No. 376 at 2-3). Defendant filed a direct appeal, and the United States Court of Appeals for the Third Circuit affirmed the District Court's Judgment on June 1, 2009. (Docket No. 803). Defendant later unsuccessfully attempted on numerous occasions to have her sentence vacated or reduced. (Docket Nos. 806, 809, 829, 833, 834, 838, 868, 882, 914, 915, 916, 918).

Defendant also filed a motion for a sentence reduction as a result of amendments to the Sentencing Guidelines that retroactively reduced the base offense level for certain drug offenses, which Judge McVerry denied on February 19, 2016. (Docket Nos. 923, 925). On January 4, 2017, the Third Circuit Court of Appeals affirmed the District Court's decision not to reduce Defendant's sentence. (Docket No. 943-1). Next, Defendant filed a motion for reduction of sentence pursuant to Section 404(b) of the First Step Act, which this Court denied on October 1, 2019. (Docket Nos. 951, 983, 984).

On May 7, 2020, Defendant filed the pending Motion seeking compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A), arguing that her medical conditions (asthma, diabetes, hypertension and hepatitis C) place her at greater risk of contracting COVID-19 and therefore satisfy the "extraordinary and compelling reasons" standard under § 3582(c)(1)(A)(i). (Docket No. 1018 at 1-4, 13-15). Defendant states that she submitted an internal request to the Bureau of Prisons ("BOP") to be released because of her health conditions on April

3, 2020, and the Warden of FPC Alderson, where she is incarcerated, denied her request. (*Id.* at 12; Docket No. 1018-4). As such, Defendant submits that she can now apply directly to the Court for compassionate release. (Docket No. 1018 at 12). Defendant requests that the Court promptly resentence her to time served or, alternatively, resentence her to time served with the remaining custodial portion of her sentence to be served on home confinement. (*Id.* at 1-2, 17).

The Government responds that Defendant's Motion is premature because she has not exhausted her administrative remedies within the BOP. (Docket No. 1024 at 5-10). The Court agrees.

### III.   DISCUSSION

A court's limited authority to modify a sentence may apply when a defendant requests compassionate release for "extraordinary and compelling reasons" pursuant to the following provisions of the First Step Act:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--
>
> (A) **the court**, upon motion of the Director of the Bureau of Prisons, or **upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier**, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that --
>
> (i) extraordinary and compelling reasons warrant such a reduction….

18 U.S.C. § 3582(c)(1)(A)(i)(emphasis added).  As Judge Ambrose recently observed in *United States v. Early*, Crim. No. 19-92, 2020 WL 2572276, at *2 (W.D. Pa. May 21, 2020),

3

administrative rights must be exhausted in one of the two ways set forth above before a prisoner can file a compassionate release motion.

To fully exhaust administrative remedies under the first method, a defendant must comply with the requirements of the administrative appeals process set forth in 28 C.F.R. §§ 542.15(a) and 571.63.[3]  *Early*, 2020 WL 2572276, at *2.  Defendant acknowledges that she has not fully exhausted all administrative remedies in this manner.  *See* Docket No. 1027 at 2 (contending that Defendant has "satisfied the 30-day pre-filing waiting period, and therefore does not also need to follow the administrative appeals process").

Section 3582(c)(1)(A) also permits a defendant to seek modification of the term of imprisonment after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."  *Early*, 2020 WL 2572276, at *2 (quoting 18 U.S.C. § 3582(c)(1)(A)).  Defendant relies on this manner of exhaustion in moving for compassionate release here.  *See*

---

[3]  These regulations provide as follows:

> An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP–10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP–11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. When the inmate demonstrates a valid reason for delay, these time limits may be extended. Valid reasons for delay include those situations described in § 542.14(b) of this part. Appeal to the General Counsel is the final administrative appeal.

28 C.F.R. § 542.15(a).

> (a) When an inmate's request is denied by the Warden, the inmate will receive written notice and a statement of reasons for the denial. The inmate may appeal the denial through the Administrative Remedy Procedure (28 CFR part 542, subpart B).
> (b) When an inmate's request for consideration under 18 U.S.C. 4205(g) or 3582(c)(1)(A) is denied by the General Counsel, the General Counsel shall provide the inmate with a written notice and statement of reasons for the denial. This denial constitutes a final administrative decision.
> (c) When the Director, Bureau of Prisons, denies an inmate's request, the Director shall provide the inmate with a written notice and statement of reasons for the denial within 20 workdays after receipt of the referral from the Office of General Counsel. A denial by the Director constitutes a final administrative decision.
> (d) Because a denial by the General Counsel or Director, Bureau of Prisons, constitutes a final administrative decision, an inmate may not appeal the denial through the Administrative Remedy Procedure.

28 C.F.R. § 571.63.

Docket No. 1027 at 2 (asserting that Defendant has "satisfied the 30-day pre-filing waiting period").

In this case, on April 3, 2020, Defendant submitted a request for compassionate release to the BOP. (Docket No. 1018-4). The Warden of FPC Alderson denied Defendant's request for release in a letter dated April 27, 2020. (Docket No. 1024-2). The denial letter stated that Defendant's request was evaluated consistent with BOP Program Statement No. 5050.50, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g)*. (*Id.*). The denial letter explained that Defendant failed to specify a medical category in her request as detailed in that BOP policy. (*Id.*). Nonetheless, the BOP evaluated Defendant's medical records and determined that her medical condition "does not meet the criteria for the categories as set forth in policy." (*Id.*). The denial letter advised Defendant that she has "the right to appeal this decision via the Administrative Remedy Procedure as outlined in policy." (*Id.*). Instead of pursuing an administrative appeal, however, Defendant filed the instant Motion. As stated, Defendant contends that she has "satisfied the 30-day pre-filing waiting period, and therefore does not also need to follow the administrative appeals process before this Court can give proper consideration to her request for compassionate release." (Docket No. 1027 at 2).

Defendant is incorrect. As explained in *Early*, "[c]ourts have interpreted the statute to mean that an inmate must fully exhaust his administrative remedies unless his or her warden does not respond to the inmate's request within 30 days." *Early*, 2020 WL 2572276, at *3 (citing *United States v. Nance*, No. 7:92CR00135, 2020 WL 114195, at *2 (W.D. Va. Jan. 10, 2020)). "In other words, a defendant must wait to file a motion with this Court until either his administrative request related to compassionate release is denied and he fully exhausts all administrative rights to appeal

5

or thirty days have passed from the date he made the application *with no response from the warden*, whichever occurs first." *Early*, 2020 WL 2572276, at *3 (emphasis in original) (citing *Nance*, 2020 WL 114195 at *2 ("[C]ases indicate that this statutory exhaustion requirement has been interpreted to excuse full exhaustion of administrative remedies only if 30 days have elapsed without any response by the Bureau of Prisons to the inmate's request.")); *see also United States v. Rodriguez*, No. 2:03-cr-00271-AB-1, 2020 WL 1627331, at *5 (E.D. Pa. Apr. 1, 2020) (explaining that "it is possible for inmates to file compassionate-release motions—under the 30-day lapse provision—when their warden *never* responds to their request for relief.") (emphasis in original).

As in *Early*, the Warden of FPC Alderson responded to Defendant's request for compassionate release within 30 days of receipt; thus, she "is obligated to complete the administrative appeal process." *Early*, 2020 WL 2572276, at *3. The record does not reveal that Defendant has done so, which she acknowledges. *See* Docket No. 1027 at 2 (claiming no need to follow the administrative appeals process). Consequently, the Court finds that Defendant has failed to exhaust her administrative remedies.

Defendant alternatively argues that, given the extraordinary circumstances presented by the COVID-19 pandemic, the Court may waive the exhaustion requirement because it is not jurisdictional. (Docket No. 1027 at 3-5). The Court declines to do so here for reasons expressed in *Early* – in the context of COVID-19, the Third Circuit Court of Appeals has emphasized the BOP's statutory role and extensive efforts to control the spread of the virus, holding that the "exhaustion requirement takes on added – and critical – importance." *Early*, 2020 WL 2572276, at *3 (quoting *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)). In sum, while the Court appreciates Defendant's stated health concerns and "[does] not mean to minimize the risks that

COVID-19 poses in the federal prison system," *Raia*, 954 F.3d at 597, the fact remains that she must exhaust her administrative remedies before she may seek relief in this Court.

### IV.     CONCLUSION

For all of these reasons, IT IS HEREBY ORDERED that Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and Request for Emergency Consideration (Docket No. 299 at Crim. No. 05-350; Docket No. 1018 at Crim. No. 05-385) is DENIED WITHOUT PREJUDICE.

*s/ Nora Barry Fischer*
Nora Barry Fischer
Senior United States District Judge

Date:  May 28, 2020

cc/ecf: All counsel of record